UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80451-CIV-MARRA

MICHAEL M. KAPLAN,

     Plaintiff,

v.

ZUCKER & ASSOCIATES, P.A. d/b/a
ZUCKER FORENSICS and RICHARD
DOTSON,

     Defendants.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss [DE 15].  The

Court has reviewed all papers submitted in connection with the motion, the entire file, and is

otherwise duly advised in the premises.

### Legal Standard

### Motion to Dismiss for Failure to State a Claim

With respect to the motion to dismiss for failure to state a claim pursuant to Rule

12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure

requires that a pleading contain a "short and plain statement of the claim showing that the pleader

is entitled to relief."  The Supreme Court has held that "[w]hile a complaint attacked by a

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

1

enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Furthermore, *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Although an exhibit to Plaintiff's complaint indicates that Plaintiff is an attorney in Massachusetts [DE 10-1], he is appearing *pro se* in this action. There is no indication in the record that Plaintiff has any familiarity with Florida law.  The Court, therefore, will hold him to the same standard as any other *pro se* litigant.

## Background Facts

Plaintiff alleges that in January, 2010, he retained Defendant Zucker & Associates, P.A. d/b/a Zucker Forensics ("Zucker") to serve as his expert forensic accountant in his divorce action [DE 10-1,¶¶6-9].  Defendant Richard Dotson ("Dotson") was the partner from Zucker assigned to his case [*Id.* at ¶7].  Plaintiff alleges that both Zucker and Dotson held Dotson out as a Certified Public Accountant, when, in fact, his license had been null and void since 2007 [*Id.* at ¶¶9-15].

2

The first time Plaintiff learned that Dotson had lost his license was when this was disclosed during Dotson's cross examination at the trial [*Id*. at ¶17].  Plaintiff alleges that no opinion, document or exhibit presented by Dotson was relied upon by the Judge in rendering his decision due to Dotson's loss of credibility [*Id*. at ¶33].

Plaintiff alleges fourteen counts, as follows:

Count I -          Malpractice versus Defendant Zucker

Count II -         Malpractice versus Defendant Dotson

Count III -      Negligence versus Defendant Zucker

Count IV-      Negligence versus Defendant Dotson

Count V-        Fraud versus Defendant Zucker

Count VI-       Fraud versus Defendant Dotson

Count VII-      Fraud in the Inducement versus Defendant Zucker

Count VIII-    Fraud in the Inducement versus Defendant Dotson

Count IX-       Misrepresentation versus Zucker

Count X-         Misrepresentation versus Dotson

Count XI-       Breach of Contract versus Zucker

Count XII-      Breach of Contract versus Dotson

Count XII[1]    Punitive Damages versus Zucker

Count XIII      Punitive Damages versus Dotson

## **Defendants' Contentions**

In their Motion to Dismiss, Defendants contend that "the Amended Complaint contains a

_____

[1]Plaintiff has two Count XIIs.

host of conclusory allegations that are far too speculative to survive the pleading stage as there are no facts from which the Court could plausibly infer causation." [DE 15 at 2]. The Court does not agree that there are no allegations contained within the Amended Complaint that can survive a motion to dismiss; however, there are portions of Plaintiff's Amended Complaint that are not viable, which will be discussed below.

### Plaintiff's Requests for Attorney's Fees

As to each Count in the Amended Complaint, Plaintiff seeks an award of attorney's fees. Defendants argue that these requests should be stricken because in this Circuit, *pro se* litigants are not entitled to attorney's fees [DE 23 at 1]. All of the cases cited by Defendants for this proposition, however, address the issue of whether *pro se* litigants may recover attorney's fees under particular federal statutes, none of which are at issue in this case [*Id*. at 1-2].

The general rule is that federal courts sitting in diversity apply state law to substantive issues, and federal law to procedural matters. *See Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). Attorney fee awards are generally substantive for *Erie* purposes. *See, e.g., McMahon v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077(11th Cir. 2002).

Whether a Florida state court would find the federal cases cited by Defendants persuasive enough to abrogate former Florida law permitting *pro se* litigants to recover attorney's fees, *see, e.g., Quick v. Reilly, Inc. v. Perlin*, 411 So.2d 978 (Fla. Dist. Ct. Appeals, 3d Dist. 1982), can be addressed by the parties should the need arise. For now, it is sufficient to note that it is well established that under Florida law, "each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise." *Price v. Tyler*, 890 So.2d 246 (Fla. 2004). Therefore,

Plaintiff's requests for attorney's fees shall be stricken from Counts I-X as no contract or statute supporting such requests has been pled.

Plaintiff does not dispute that his Amended Complaint fails to support a claim for attorney's fees under Counts I-X, the second Count XII and Count XIII.  However, he argues that his claim for attorney's fees under his contract with Defendants should stand pending his receipt of a copy of the contract during discovery [DE 20 at 3].  In the alternative, he asks that any dismissal of his request for attorney's fees be done without prejudice.  Given the early stage of the proceedings, and Plaintiff's explanation in his papers as to why he does not have a copy of the relevant contract, the Court agrees that Plaintiff's request for attorney's fees in Counts XI and the first Count XII shall be dismissed without prejudice to him reasserting this element of damages should discovery disclose that it is a viable claim.

**Whether Plaintiff's Claims for Professional Negligence and Negligence are Duplicative**

Defendants argue, with almost no specific references to the allegations in the Amended Complaint, and with no citations to any relevant case law, that Counts I and III and Counts II and IV are duplicative, and, therefore, Counts III and IV should be dismissed [DE 15 at 5].  Plaintiff counters that professional negligence and regular negligence are not identical claims [DE 20 at 4].

Although there is duplication throughout the Amended Complaint[2],  nevertheless, Plaintiff is correct that professional negligence and regular negligence are different claims. They also have different statutes of limitations.  *See* Fla. Stat. 95.11(3)(a)(four year for negligence

---

[2]For example, it is not necessary for Plaintiff to repeat every factual allegation at the start of each new count, rather, Plaintiff could simply incorporate by reference those allegations that came before.

claims) and Fla. Stat. 95.11(4)(a)(two years for malpractice claims).  Malpractice claims, although a form of negligence, relate to and must establish a deviation from the standard of care of similar professionals.  *See* Florida Standard Jury Instructions in Civil Cases §402.5. Ordinary negligence claims do not require Plaintiff to prove such a deviation.  *See* Florida Standard Jury Instructions in Civil Cases §401.4.  The allegations in the Amended Complaint reflect these differences [compare DE 10-1 at ¶¶38, 39, 70, 71 with DE 10-1 at ¶¶101, 102, 124 and 127].

Furthermore, not every breach of duty by a professional constitutes malpractice.  *See, e.g., Mobley v. Hirshberg*, 915 so.2d 217 (Fla. App. 4 Dist. 2005)(Plaintiff's claim that she was negligently banged in the face with a piece of equipment at the dentist involved a simple negligence claim independent of the standard of care imposed on a health care provider).

Since Defendants did not address the individual alleged breaches of duty, the Court will not rule on them at this time.  It is sufficient for the pending motion to note that Plaintiff's allegation that there was a breach of the duty of care to insure that Defendant's advertising was not misleading appears to sound in negligence, and not malpractice.  There are, therefore, sufficient allegations to sustain the simple negligence claims.  The Court will not, therefore, dismiss Counts III and IV.

### Plaintiff Has Sufficiently Pled His Claims for Professional Negligence

Defendants argue that Plaintiff has failed to sufficiently plead a claim for professional negligence [DE 15 at 6-8].  All of the arguments Defendants make would be more appropriately made at the summary judgment stage of the case.  In fact, the cases relied upon by Defendants in support of their position, *Kaminsky v. Herrick, Feinstein, LLP*, 870 N.Y.S.2d 1(N.Y. App. Div. 2008) and *Ross v. Edwards*, 560 S.E.2d 343 (Ga. Ct. App. 2002), are both rulings on summary

judgment motions.  The Court finds that Plaintiff has sufficiently pled his claims for professional negligence.

### Plaintiff Has Sufficiently Pled His Claims for Fraud

Defendants also argue that Plaintiff has failed to sufficiently plead his fraud-based claims [DE 15 at 8].  Defendants argue that Plaintiff's purported damages are conclusory, and that Plaintiff has not causally connected his damages to the fraud [DE 15 at 9].  The Court does not agree.

The Court also does not agree with Defendants' argument that the record belies Plaintiff's position that Mr. Dotson's admission under cross-examination that he had misrepresented his credentials to the court caused the court in his divorce trial to discount his testimony [*Id*. at 10].  The "record" to which Defendants refer is the Judge's opinion in which she adopted in toto Plaintiff's wife's forensic accountant's report.  Defendants point out that the Judge did not mention Mr. Dotson at all.  Of course, Plaintiff's position is that this supports his allegations.  Whether Plaintiff will ultimately succeed on these claims is not the inquiry at this stage of the proceedings.  Plaintiff has sufficiently pled his claims to withstand a motion to dismiss.

### Plaintiff Has Sufficiently Pled His Claims for Breach of Contract

Defendants complain that the counts in the Amended Complaint alleging breach of contract are so vague and conclusory that they should be dismissed [DE 15 at 13].  Defendants object that the Amended Complaint "does not state whether the contract was written or oral, the contractual obligations of the contract, any information regarding the date of the agreement, its duration, or any essential terms." [*Id*. at 13].

Plaintiff has stated in his papers that he does not have a copy of the contract.  Given that

7

Defendants should have possession of the contract, the Court does not understand why they would not have personal knowledge of these points.  In any event, details relative to the contract can be elicited during discovery.  In light of Rule 8(a)(2)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief," the Amended Complaint sufficiently states claims for breach of contract.

### Plaintiff's Claims for Punitive Damages

Plaintiff's second Count XII and Count XIII assert separate claims for punitive damages pursuant to Fla. Stat. §768.72.  Defendants are correct that these should not be separate claims, rather, punitive damages should be a remedy asserted under a stated claim.  *See* Rule 8(a)(3) of the Federal Rules of Civil Procedure; *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999)("a request for punitive damages is not a 'claim' within the meaning of 8(a)(2); it is only part of the relief prayed for in a claim.").

The Court disagrees, however, with Defendant's argument that Plaintiff's complaint contains no facts that might ultimately  support an award of punitive damages.  The Court will dismiss the second Count XII and Count XIII because they are not discrete claims; however, in light of Plaintiff's *pro se* status, the Court gives Plaintiff permission to file an amended complaint within 30 days of the entering of this Order to add his demand for punitive damages where appropriate.

### Plaintiff's Allegations of Emotional Harm

Defendants seek to have stricken Plaintiff's allegations of emotional harm set forth at the

end of Counts I-X [DE 10-1 at ¶¶41, 72, 103, 128, 170, 211, 246, 278, 313, 345][3].  Defendants

correctly point out that, with exceptions not applicable here, Florida limits recovery of damages

for emotional distress to situations where the plaintiff suffers a physical injury or impact.

Plaintiff cites to *Rowell v. Holt*, 850 So.2d 474 (Fla. 2003), arguing that the holding in

this case supports his claim for emotional harm.  Plaintiff's reliance upon this case is misplaced.

The Florida Supreme Court made very clear in *Rowell* that its ruling was limited to the facts of

that case.  Nothing pled in the instant case calls for the creation of a new exception to the general

rule.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1.   Defendants' Motion to Dismiss **[DE 15]** is **GRANTED IN PART AND**

     **DENIED IN PART**.

2.   Plaintiff's request for attorney's fees under Counts I-X, the second Count XII and

     Count XIII shall be stricken.

3.   Plaintiff's second Count XII and Count XIII are dismissed.

4.   Plaintiff's allegations of emotional harm set forth at the end of Counts I-X [DE

     10-1 at ¶¶41, 72, 103, 128, 170, 211, 246, 278, 313, 345] are stricken.

---

[3]The same language appears at the end of the second Count XII and Count XIII [DE 10-1 at ¶¶ 393, 426], but Defendant has not asked that this language be stricken.  Given that the Court has ruled that these two counts are to be dismissed, this omission has no impact on the case.  The Court simply wants to make it clear to Plaintiff that the Court would have stricken this allegation from the last two Counts had they not been otherwise dismissed.

5.      Plaintiff may file an amended complaint within 30 days of the filing of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida this 11th day of November, 2013.

_____

KENNETH A. MARRA
United States District Judge